IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel Mark Mixson, | ) | C/A No. 2:11-101-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Dr. Leonard W. Mulbry, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil action filed by the plaintiff, Daniel Mark Mixson, ("Plaintiff"), who is proceeding *pro se*. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee at the Charleston County Detention Center ("CCDC") in Charleston County, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. In the Complaint submitted in this case, Plaintiff seeks to sue a court-appointed psychiatrist who opined that Plaintiff is incompetent to stand trial. Plaintiff wants to sue the doctor for "malpractice." (Compl., ECF No. 1.) He claims, among other things, that the doctor's opinion is not supported by numerous documents that Plaintiff provided to the doctor at the time of his evaluation, which documentation, Plaintiff says, proves that he is competent. Finally, Plaintiff claims that the doctor and his opinion caused him physical and mental injury and he seeks "to be compensated" for that and he wants a second opinion on his competency. (Id. at 4.) Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

*PJG*

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated

liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

In order for this court to hear and decide a case, the court must first have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, American Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident from the face of the pleading.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **_complete_** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 372-74 (1978). This court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff when he filed his Complaint, Plaintiff and Defendant Mulbry are residents of South Carolina. Although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter in this case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, the Complaint does not state a claim cognizable under this court's "federal question" jurisdiction. In his own words, Plaintiff's Complaint involves a medical malpractice dispute. Generally, such malpractice cases are a matter of state law to be heard in the state courts, unless diversity of citizenship is



present. See Hardee v. Bio-Medical Applications of S.C., Inc., 636 S.E.2d 629 (2006); Bishop v. S.C. Dep't of Mental Health, 502 S.E.2d 78 (1998); Ardis v. Sessions, 633 S.E.2d 905 (Ct. App. 2006).

Plaintiff's allegations do not contain any reference to an alleged violation of any federal statute or constitutional provision by the defendant, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint.  However, even if Plaintiff had made assertions that his federal rights were violated by the defendant's opinion, this court would not be bound by such allegations and would be entitled to disregard them if the facts did not support Plaintiff's contentions.  When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case.  District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction."  Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35  (E.D. N.C. 1992); see Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908);  cf. Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); Bonner v. Circuit Ct. of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (federal constitutional claims are cognizable in both state courts and in federal courts:  "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Additionally, medical malpractice, which is a negligence-based tort cause of action, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two



most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). As stated previously, Plaintiff does not cite to either 42 U.S.C. § 1983 or the Fourteenth Amendment in his Complaint, nor does he claim that the defendant violated his constitutional rights in connection with the evaluation, preparation, and submission to the court of the disputed competency opinion. Even if he had included such allegations, however, they would not establish "federal question" jurisdiction over this case because there are no additional allegations of "state action" in connection with the property hazard of which Plaintiff complains, and because it is settled that § 1983 does not cover negligent acts, such as medical malpractice. See Daniels v. Williams, 474 U.S. 327, 328-36 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); Pink v. Lester, 52 F.3d 73, 75-76 (4th Cir. 1995) (applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct[.]"). Also, 42 U.S.C. § 1983 and the Bivens doctrine do not impose liability for violations of duties of care arising under state law, and, as stated above, medical malpractice is a state-law-based cause of action. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200-03 (1989). In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed without issuance of process for defendant.

### RECOMMENDATION

Accordingly, the court recommends that Complaint in this case be dismissed without prejudice and without issuance and service of process. See Denton v. Hernandez, 504



U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979); Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 7, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).